**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN OMAR ORELLANA, AKA Edwin Orellana Vigil, | No. 18-71589 |
| Petitioner, | Agency No. A204-366-290 |
| v. | MEMORANDUM* AND ORDER |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2020**
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,*** District Judge.

Petitioner Edwin Omar Orellana seeks review of the Board of Immigration

Appeals' ("BIA") denial of his claims for withholding of removal and protection

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1.  We must uphold findings of fact unless the evidence compels a contrary conclusion.  Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir. 2018).  Substantial evidence supports the BIA's denial of withholding of removal because Petitioner failed to demonstrate past persecution or a clear probability of future persecution on account of a protected ground.  Tamang v. Holder, 598 F.3d 1083, 1091 (9th Cir. 2010).  The evidence does not compel the conclusion that Petitioner will be persecuted because of his membership in a social group consisting of his family.  Nothing compels the conclusion that MS-13 extorted Petitioner's aunt and kidnapped her daughter on account of their membership in Petitioner's family, rather than because of general criminality and a desire for economic gain.  See Santos-Lemus v. Mukasey, 542 F.3d 738, 747 (9th Cir. 2008) (holding that, where the evidence suggests that someone "was victimized for economic and personal reasons," the victimization does "not constitute persecution on account of [a

_____

[1] We also deny Petitioner's motion to terminate proceedings for lack of jurisdiction (Docket Entry No. 28).  See Aguilar Fermin v. Barr, 958 F.3d 887, 895 & n.4 (9th Cir. 2020) (holding that "the lack of time, date, and place in the [notice to appear] sent to [the petitioner] did not deprive the immigration court of jurisdiction over her case," where the petitioner received "the complete notice at a later time . . . and appeared for her scheduled hearings").

protected ground]"), <u>abrogated in part on other grounds by</u> <u>Henriquez-Rivas v. Holder</u>, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Similarly, the evidence does not compel the conclusion that MS-13 would impute the political opinion of Petitioner's cousin to Petitioner, where Petitioner never took part in any political activity with his cousin.

2. Substantial evidence also supports the BIA's denial of CAT protection because Petitioner did not meet his burden to show that he would "more likely than not" be tortured "by or with the acquiescence of a government official or other person acting in an official capacity" if he were removed to El Salvador. <u>Tamang</u>, 598 F.3d at 1095. As explained above, the evidence does not compel the conclusion that Petitioner would be targeted because of his membership in his family. And "generalized evidence of violence and crime" in El Salvador does not satisfy the standard for CAT protection. <u>Delgado-Ortiz v. Holder</u>, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**

3